United States Courts
Southern District of Texas
FILED
*October 29, 2021*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ' |
| v. | ' **CRIMINAL NO. 19-413** |
| **NICO NAMITILE-MORALES,** Defendant. | ' |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas, and Matthew R. Peneguy and Jill Jenkins Stotts, Assistant United States Attorneys, and the defendant, NICO NAMITILE-MORALES ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(C)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement for a specific sentence, the terms and conditions of which are as follows:

### Defendant's Agreement

Defendant agrees to plead guilty to Count One of the Indictment. Count One charges the Defendant with Aiding and Abetting Hostage Taking in violation of Title 18, United States Code, Sections 1203 and 2. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** ~~minimum~~ [*maximum*] penalty for each violation of Title 18, United States Code, Sections 1203 and 2 is any term of years up to life in prison term of imprisonment, and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to five years. *See* Title 18, United States Code, sections 3559(a)(3) and

3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

**Mandatory Special Assessment**

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from

Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

5. Defendant is aware that a sentence of twenty (20) years imprisonment in the Federal Bureau of prisons and a term of five (5) years supervised release shall be accepted or rejected by the Court according to Federal Rule of Criminal Procedure 11(c)(1)(C). Defendant further understands that if the court accepts the agreement, he shall receive a term of twenty (20) years imprisonment in the Federal Bureau of prisons and a term of five (5) years supervised release.

6. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

7. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the Indictment, Defendant shall receive a term of twenty (20) years imprisonment in the Federal Bureau of prisons and a term of five (5) years supervised release.

### Agreement Binding - Southern District of Texas Only

8. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

10. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements by the court, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose a sentence of twenty (20) years after Defendant pleads guilty, and that acceptance of the sentence is within the sole discretion of the sentencing judge. If the Court should impose any term of imprisonment, other than twenty (20) years imprisonment, Defendant and/or the United States can withdraw from the agreement and neither party will be bound to fulfill the obligations under this plea agreement.

4

## Rights at Trial

11. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his/her own behalf.

## Factual Basis for Guilty Plea

12. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

From on or about May 6, 2019, and continuing through on or about May 10, 2019, in the Houston Division of the Southern District of Texas, and elsewhere, the Defendants Nico Namitile-Morales, Hipolito Guiterrez, and others, aided and abetted each other, and did intentionally seize Ariana Pamela Andino Padilla, a citizen of Honduras, in order to compel Jose Sanchez to make ransom payments of United States currency, as an explicit and implicit condition for the release of Ariana Pamela Andino Padilla.

On May 6, 2019, at 11:27 p.m., approximately five male suspects forcibly abducted

5

Ariana Pamela Andino Padilla, hereafter Andino, a citizen of Honduras, from outside her residence, at 20218 Bronze Bluff Drive, Katy, Texas and within the Southern District of Texas. On that night, Andino arrived at her residence in her vehicle. She was accompanied by her fourteen year old son, who witnessed the abduction. When Andino exited the vehicle she was immediately surrounded by approximately five male suspects whose faces were obscured by masks. One suspect pointed a handgun at her head and stated in Spanish, "We are the Zetas. Don't mess with the Zetas." Andino was forced into a truck and taken from the residence against her will. Andino's son ran into the residence and woke up his father Jose Sanchez, who is Andino's husband.

Sanchez attempted to contact Andio by calling her cellular telephone. The call was answered by a Spanish speaking male suspect who confirmed they had abducted Andino, and that if Sanchez did not pay the suspects $70,000 United States currency, the suspect would kill Andino. Immediately after speaking to the suspect on ANDINO's cellular telephone, Sanchez called 911 and reported that his wife had been kidnapped.

Subsequently, Sanchez began receiving telephone calls originating from telephone number 52-271-212-2095. The caller was a Spanish speaking male who reiterated the threats and ransom demand. Sanchez provided his voluntary consent to law enforcement investigators to consensually record a series of incoming calls to his cellular telephone, all originating from 52-271-212-2095. A Spanish speaking male, whom SANCHEZ identified by voice as a person he knows as "Jovani," later identified as the defendant, Nico Namitile-Morales threatened to injure and/or kill Andino if Sanchez did not pay Jovani $70,000. Sanchez admitted to investigators that during February of 2019 he was introduced to a Hispanic male known to him only by the name "Jovani," Sanchez stated Jovani solicited him to purchase illegal drugs in Houston, Texas, and transport the illegal drugs to Nashville, Tennessee. Sanchez stated Jovani subsequently provided him with $20,000. Sanchez advised investigators that he kept the $20,000 for himself and discarded the cellular telephone he utilized to communicate with Jovani.

Investigation confirmed that the cellular device associated with telephone number 52-271-212-2095 was located in Mexico at the times Sanchez was called. AT&T records revealed on May 7, 2019, at 2:22 a.m. a cellular device assigned telephone number 956-551-8240 had placed an outgoing call to 52-271-212-2095. Additional records from AT&T related to the cellular device assigned telephone number 956-551-8240, revealed that on May 6, 2019, at 11:31 p.m. the device was in use on a cellular telephone tower located approximately 1.3 miles [straight line distance] from 20218 Bronze Bluff Drive, Katy, Texas. During the time period from May 8, 2019, until May 10, 2019, the cellular phone device continually registered on a cellular telephone tower that has a coverage area that includes the apartment complex located at 3618 Fawn Valley Drive, Dallas, Texas.

On May 10, 2019, while conducting a physical surveillance at 3618 Fawn Valley Drive, Dallas, Texas, investigators observed a truck with Tennessee license plates, arrive at the location at approximately 12:00 a.m. and depart again at approximately 12:15 a.m. As the physical surveillance continued to follow the vehicle it began driving from Dallas, Texas, eastbound

towards the Texas/Arkansas boarder. Monitoring information provided by AT&T at periodic intervals regarding the location of the cellular device assigned telephone number 956-551-8240, was consistent with the movement of the vehicle. Law enforcement officers with the Texarkana, Texas Police Department conducted a traffic stop on the vehicle after observing it traveling at speeds of 85-90 miles per hour, in excess of the posted speed limit. Officers found Ariana Andino in the vehicle. Nico Namitle-Morales was identified as the driver the vehicle. Hipolito Gutierrez was identified as the front seat passenger. D.G. a juvenile suspect was located in the back of the vehicle along with Andino and unrelated individual. A Beretta 9mm pistol, containing a loaded magazine, was located concealed within a void of the dashboard area.

Andino stated that from May 6th through May 10th, 2019, she was held against her will. That throughout that time she was detained against her will and had been bound with restraints while being held hostage. That she was threatened with injury and death by different suspects. Andino positively identified Nico Namitle-Morales, Hipolito Gutierrez, and D.G. as three of the individuals who had abducted her, detained her and threated to kill and injure her if a ransom was not paid by her husband for her released.

## Breach of Plea Agreement

13. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement. If at any time Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Fines

14. Defendant understands that the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the

provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

15. This written plea agreement, consisting of 9 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

16. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __October Houston__, Texas, on __October 29__, 2021.

_____
Defendant

Subscribed and sworn to before me on __October 29__, 2021.

NATHAN OSCHNER, Clerk
UNITED STATES DISTRICT CLERK

By: __Anderson__
Deputy United States District Clerk

APPROVED:

Jennifer B. Lowery
Acting United States Attorney

By: _____
Jill Jenkins Stotts
Assistant United States Attorney
Southern District of Texas

_____
Kevin Acevedo
Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ' |
| v. | ' CRIMINAL NO. 19-413 |
| NICO NAMITILE MORALES,<br>Defendant. | ' |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States plea agreement and I have fully and carefully explained to Defendant that he will receive twenty (20) years in the Federal Bureau of Prisons and five (5) years of supervised release upon acceptance of the plea by the court. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____    Oct 29, 2021
Attorney for Defendant                Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment sentence shall be twenty (20) years in the Federal Bureau of Prisons and five (5) years of supervised release, if the court accepts the plea. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

X_____    October 29, 2021
Defendant                             Date

9